SCANNED
DATE: 1-14-04
BY: [illegible]

ORIGINAL

04 CR 10005 WGY

DOCKETED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. |
| v. | |
| CHERYL DICICCO, | VIOLATIONS: |
| Defendant. | 21 U.S.C. § 846 Conspiracy to Possess with Intent to Distribute Oxycodone |
| | 21 U.S.C. § 846 Conspiracy to Fraudulently Acquire Oxycodone |

## INDICTMENT

COUNT ONE:   (21 U.S.C. § 846 -- Conspiracy To Possess With Intent to Distribute Oxycodone)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about May 2001, and continuing thereafter until in or about March 2003, at Woburn and elsewhere in the District of Massachusetts,

**CHERYL DICICCO,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute oxycodone, to wit: Oxycontin, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section

846.

<u>COUNT TWO</u>:        (21 U.S.C. § 846 -- Conspiracy To Fraudulently Acquire Oxycodone)

The Grand Jury further charges that:

From a time unknown to the Grand Jury, but at least by in or about May 2001, and continuing thereafter until in or about March 2003, at Woburn and elsewhere in the District of Massachusetts,

**CHERYL DICICCO**,

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to acquire and obtain possession of oxycodone, to wit: Oxycontin, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Section 843(a)(3).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATION
## (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Count 1 and Count 2 of this Indictment,

**CHERYL DICICCO**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

4

All in violation of Title 21, United States Code, Section 853.

**A TRUE BILL,**

_____
FOREPERSON OF THE GRAND JURY


_____
PETER K. LEVITT
Assistant U.S. Attorney



DISTRICT OF MASSACHUSETTS                    January 14TH, 2004

   Returned into the District Court by the Grand Jurors and filed.

                              _____
                              Deputy Clerk
                              1-14-04 at 11:13am