UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 04-10005-WGY |
| v. ) | |
| ) | |
| CHERYL DICICCO, ) | VIOLATIONS: |
| ) | |
| Defendant. ) | |
| ) | 21 U.S.C. § 846 |
| ) | Conspiracy to Possess |
| ) | with Intent to Distribute |
| ) | Oxycodone |
| ) | |
| ) | 21 U.S.C. § 846 |
| ) | Conspiracy to |
| ) | Fraudulently Acquire |
| ) | Oxycodone |

## SUPERSEDING INDICTMENT

COUNT ONE:   (21 U.S.C. § 846 -- Conspiracy To Possess With Intent To Distribute Oxycodone)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about May 2001, and continuing thereafter until in or about March 2003, at Woburn and elsewhere in the District of Massachusetts,

**CHERYL DICICCO,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:**     (21 U.S.C. § 846 -- Conspiracy To Fraudulently Acquire Oxycodone)

The Grand Jury further charges that:

From a time unknown to the Grand Jury, but at least by in or about May 2001, and continuing thereafter until in or about March 2003, at Woburn and elsewhere in the District of Massachusetts,

**CHERYL DICICCO,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to acquire and obtain possession of oxycodone, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Section 843(a)(3).

All in violation of Title 21, United States Code, Section 846.

**NOTICE OF ADDITIONAL FACTORS**

The Grand Jury further finds that:

1. With respect to Count One and Count Two of this Superseding Indictment, the defendant was a manager and supervisor of criminal activity that involved five or more participants or was otherwise extensive. Accordingly, U.S.S.G. § 3B1.1(b) applies to this case.

2. The offense charged in Count One of this Superseding Indictment involved between 3,000 and 11,700 Percocet tablets, containing between 15 and 59 grams of oxycodone, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(c)(7) apply to this case.

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Count 1 and Count 2 of this Indictment,

**CHERYL DICICCO**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

**A TRUE BILL,**

_____
FOREPERSON OF THE GRAND JURY

_____
PETER K. LEVITT
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS                    July 15, 2004

    Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk  @ 1:01 pm