UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    v. )<br>)<br>CHERYL DICICCO, )<br>  Defendant. )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cr. No. 04-10005-WGY<br><br>VIOLATIONS:<br><br>21 U.S.C. § 841(a)(1)<br>Distribution of Oxycodone<br><br>21 U.S.C. § 846<br>Conspiracy to Fraudulently<br>Acquire Oxycodone |

### SUPERSEDING INFORMATION

**COUNT ONE:**     (21 U.S.C. § 841(a)(1)--Distribution of Oxycodone)

The United States Attorney charges that:

On or about February 4, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO,**

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TWO:     (21 U.S.C. § 841(a)(1)--Distribution of
               Oxycodone)

The United States Attorney further charges that:

On or about February 13, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO**,

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE:**     (21 U.S.C. § 841(a)(1)--Distribution of
                Oxycodone)

The United States Attorney further charges that:

On or about February 24, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO**,

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR:**     (21 U.S.C. § 841(a)(1)--Distribution of Oxycodone)

The United States Attorney further charges that:

On or about February 26, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO,**

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FIVE:**     (21 U.S.C. § 841(a)(1)--Distribution of
                    Oxycodone)

The United States Attorney further charges that:

On or about March 3, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO,**

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIX:** **(21 U.S.C. § 841(a)(1)--Distribution of Oxycodone)**

The United States Attorney further charges that:

On or about March 5, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO,**

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SEVEN:**   (21 U.S.C. § 841(a)(1)--**Distribution of Oxycodone**)

The United States Attorney further charges that:

On or about March 6, 2003, at Woburn, in the District of Massachusetts,

**CHERYL DICCICO,**

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT EIGHT**:   (21 U.S.C. § 846 -- Conspiracy To Fraudulently Acquire Oxycodone)

The United States Attorney further charges that:

From a time unknown, but at least by in or about May 2001, and continuing thereafter until in or about March 2003, at Woburn and elsewhere in the District of Massachusetts,

**CHERYL DICICCO,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to acquire and obtain possession of Oxycodone, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Section 843(a)(3).

All in violation of Title 21, United States Code, Section 846.

**NOTICE OF ADDITIONAL FACTORS**

The United States Attorney further asserts that:

1. With respect to Counts One through Seven of this Superseding Information, CHERYL DICICCO is accountable for between 150 and 299 Percocet tablets, containing between 750 and 1495 milligrams (also stated as between 0.75 and 1.495 grams) of Oxycodone, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(13) applies to this defendant.

## FORFEITURE ALLEGATION

## (21 U.S.C. § 853)

The United States Attorney further charges that:

1. As a result of the offenses alleged in this Superseding Information,

**CHERYL DICICCO,**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of

any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By: /s/ Peter K. Levitt
       PETER K. LEVITT
       NANCY RUE
       Assistant U.S. Attorneys

DATED:    October 5, 2004.