

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

October 4, 2004

<u>BY FACSIMILE</u>

David T. Fulmer, Esq.
576 Main Street
Winchester, MA 01890

      Re:  <u>United States v. Cheryl Dicicco</u>
           Criminal No. 04-10005 WGY

Dear Mr. Fulmer:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Cheryl Dicicco ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.  <u>Change of Plea</u>

    At the earliest practicable date, but in no event later than October 5, 2004, Defendant will plead guilty to Counts One through Seven of the above-captioned Superseding Information, distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1), and Count Eight of the Superseding Information, conspiracy to fraudulently acquire Oxycodone, in violation of 21 U.S.C. § 846. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through Eight of the Superseding Information and is in fact guilty of those offenses.

    At or after the time of sentencing, the U.S. Attorney agrees to dismiss the indictment in this case.

    Defendant also expressly and unequivocally admits that the net weight of the Oxycodone involved in Counts One through Seven of the Superseding Information is the equivalent of at least five kilograms but less than 10 kilograms of marijuana pursuant to the drug equivalency tables contained in § 2D1.1

of the United States Sentencing Guidelines.

2.  <u>Penalties</u>

On each of Counts One through Seven of the Superseding Information, Defendant faces a maximum term of imprisonment of twenty years, a fine of up to $1,000,000.00, at least 3 years of supervised release and a maximum of life, and a $100.00 special assessment.

On Count Eight of the Superseding Information, Defendant faces a maximum term of imprisonment of four years, a fine of up to $250,000, three years of supervised release, and a $100.00 special assessment.

3.  <u>Sentencing Guidelines</u>

Defendant waives any claim she has under <u>Apprendi v. New Jersey</u>, <u>Blakely v. Washington</u>, under the Fifth or Sixth Amendment to the United States Constitution and on any other basis (whether statutory, constitutional, or otherwise) to have any facts underlying any guideline determination made by a jury beyond a reasonable doubt.  Defendant states that she is making this waiver knowingly and intelligently and with the understanding that it will not be affected by any subsequent change in the applicable legal principles.

Based on the foregoing, the parties will take the following positions at sentencing under the United States Sentencing Guidelines ("U.S.S.G."):

(A)  <u>Base Offense Level</u>

The parties agree that Defendant is responsible for the equivalent of between 5 and 10 kilograms of marijuana and that the defendant therefore has a Base Offense Level of 14.

(B)  <u>Safety Valve</u>

The parties agree that Defendant is not entitled to a reduction in her offense level based on § 5C1.2 of the Sentencing Guidelines.

(C)  <u>Acceptance of Responsibility</u>

The parties agree that Defendant is entitled to a two-level decrease in her Base Offense Level as credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

2

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

    (a)  Fails to admit a complete factual basis for the plea;

    (b)  Fails to truthfully admit her conduct in the offenses of conviction;

    (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)  Fails to provide truthful information about her financial status;

    (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)  Commits a crime; and/or,

    (h)  Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

    (C)  <u>Guideline Sentencing Range</u>

The parties agree to take the position that Defendant's

3

Guideline Sentencing Range is 10-16 months based on a Total Offense Level of 12 and a Criminal History Category of I.

Defendant expressly understands that she may not withdraw her plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a) A sentence within the applicable Guideline Sentencing Range of 10 to 16 months;

(b) A fine within the applicable fine range under the Sentencing Guidelines, unless the Court finds, pursuant to USSG § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) A term of supervised release of 4 years;

(d) A mandatory special assessment of $800.00.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines.

5. <u>Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless affirmatively relieved of this obligation by the District Court.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that she has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

4

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

> (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and
>
> (2) The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement. Defendant acknowledges and agrees that this subparagraph is a material provision of this agreement and that any breach of it will entitle the U.S. Attorney to exercise any and all remedies available to him including the remedies set forth in paragraph 10, below.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw her plea of guilty unless the sentencing judge rejects this Agreement. If the

sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. <u>Withdrawal of Plea By Defendant</u>

Should Defendant move to withdraw her guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Peter K. Levitt.

                                          Very truly yours,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                              By: _____
                                          JAMES B. FARMER
                                          Assistant U.S. Attorney
                                          Chief,
                                          Criminal Division

                                          STEPHEN P. HEYMANN
                                          Assistant U.S. Attorney
                                          Deputy Chief,
                                          Criminal Division

                                          PETER K. LEVITT
                                          NANCY RUE
                                          Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and have discussed it--**including the waiver of rights described in paragraph 3**--with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them, and the manner in which my sentencing will proceed based on the waivers set forth in paragraph 3. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

CHERYL DICICCO
Defendant

Date: 10/5/04

I certify that Cheryl Dicicco has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

David T. Fulmer, Esq.
Attorney for Defendant

Date: 10/5/04